**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PHH MORTGAGE CORPORATION,

Plaintiff,

5:24-cv-01424 (BKS/ML)

v.

PAUL A. WOODMANSEE; AMANDA J. WOODMANSEE; SECRETARY OF HOUSING AND URBAN DEVELOPMENT; and JOHN DOE #1 through JOHN DOE #12, the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendants.

---

**Appearances:**

*For Plaintiff:*
William J. Knox
Goldberg Segalla LLP
711 3rd Avenue
Suite 1900
New York, NY 10017

Eric S. Sheidlower
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse
Westbury, NY 11590

*For Defendant Secretary of Housing and Urban Development:*
Jeffrey Brown
United States Attorney's Office, Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff PHH Mortgage Corporation brought this diversity action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Article 13, N.Y. Real Prop. Acts Law § 1301 *et seq.*, seeking to foreclose a mortgage encumbering 121 Eastwood Avenue, Auburn, New York 13021. (Dkt. No. 1, ¶ 1). Defendants Paul A. Woodmansee and Amanda J. Woodmansee ("Woodmansee Defendants" or "Defendants") have failed to file an Answer to the Complaint. Plaintiff requested and received an entry of default against Defendants from the Clerk of the United States District Court for the Northern District of New York under Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. Nos. 12, 13, 14, 15, 16). Plaintiff now moves for a default judgment and judgment of foreclosure and sale against Defendants,[1] as well as for the appointment of a referee. (Dkt. No. 39). Plaintiff also requests that the Court remove Defendants John Doe #1 through John Doe #12 as party defendants. (*Id.*). For the reasons stated below, the motion for default judgment is denied, and the John Doe Defendants are dismissed.

## II. BACKGROUND

According to the Complaint, on June 17, 2011, Paul A. Woodmansee and Amanda J. Woodmansee executed a note to KeyBank National Association for $134,804.00 to cover the premises known as 121 Eastwood Avenue, Auburn, New York 13201. (Dkt. No. 1, ¶¶ 1, 10). The same day, Defendants executed a mortgage in the principal amount of $134,804.00 and

[1] Because Plaintiff only moves for default judgment against the Woodmansee Defendants, references to "Defendants" do not include Defendant Secretary of Housing and Urban Development. Further, the Secretary has entered into a stipulation with Plaintiff that provides that the Secretary "does not contest the entry of a judgment of foreclosure and sale, and otherwise preserves [the Secretary's] right for surplus monies and for a judicial foreclosure sale." (Dkt. No. 35, at 1).

interest to Mortgage Electronic Registration Systems, Inc. as nominee for KeyBank National Association. (*Id.* ¶ 10). The mortgage was recorded in the Office of the Clerk of Cayuga County. (*Id.*).

Upon the borrowers' default, the note provided the lender with the option to "require immediate payment in full of the principal balance remaining due and all accrued interest," as well as "costs and expenses, including reasonable and customary attorneys' fees for enforcing" the note. (Dkt. No. 1-2, at 3). The mortgage provided the lender with the same rights to immediate payment, along with costs and reasonable attorneys' fees. (Dkt. No. 1-3, at 7, 10).

On November 21, 2013, the mortgage was assigned to Plaintiff PHH Mortgage Corporation, and the assignment was recorded. (Dkt. No. 1-4, at 3). The loan was then modified twice—first on July 23, 2014, and again on March 27, 2017. (Dkt. No. 1, ¶¶ 11–12). Both loan modifications were recorded. (*Id.*). Under the final loan modification agreement, the "new principal balance" of the loan was $119,777.84. (Dkt. No. 1-5).

Starting on June 1, 2024, Defendants failed to make required monthly payments, and Plaintiff now seeks to accelerate the payments and declare due the entire amount owed on the mortgage. (Dkt. No. 1, ¶¶ 15, 21). Plaintiff alleges that it has "complied with RPAPL § 1304 and RPAPL § 1306," (*id.* ¶ 18), and that Defendants owe the unpaid principal amount, due under the note as modified, $100,673.57, as well as other costs and reasonable attorneys' fees. (*Id.* ¶ 21).

Defendants have not filed an Answer to the Complaint, nor have they otherwise responded to the notices sent by Plaintiff. (Dkt. No. 12, ¶ 4; Dkt. No. 16). On September 22, 2025, Plaintiff moved for default judgment. (Dkt. No. 39).

## III. DISCUSSION

### A. Standard of Review

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Local Rule 55.1. Second, under Rule 55(b)(2), the plaintiff must "apply to the court for entry of a default judgment." *Priestley*, 647 F.3d at 505; *see also* Local Rule 55.2(b).

### B. Entry of Default Judgment

On January 29, 2025, Plaintiff requested a clerk's entry of default under Rule 55(a) and, as required by the then applicable Local Rule 55.1,[2] Plaintiff submitted an affidavit showing that: the Defendants are not infants, in the military, or incompetent persons; Defendants failed to file an answer or otherwise defend this action; and Plaintiff properly served the Complaint. (Dkt. No. 12). Plaintiff properly served Defendants under Federal Rule of Civil Procedure 4(e)(2)(A) by personally delivering them copies of the Summons and Complaint. (Dkt. Nos. 5, 6). On January 31, 2025, Plaintiff received a clerk's entry of default against Amanda J. Woodmansee and Paul A. Woodmansee. (Dkt. No. 16). On September 22, 2025, Plaintiff moved for default judgment under Rule 55 and Local Rule 55.2(b). (Dkt. No. 39). Plaintiff served the motion and supporting documents on Defendants by mail, (Dkt. No. 39-22), and Defendants have filed no response.

[2] Local Rule 55.1 was amended on January 1, 2026, but the amendments are not relevant here.

Plaintiff has thus met the procedural requirements for entry of a default judgment under Rule 55(b)(2) and Local Rule 55.2(b). Accordingly, the Court will address liability and damages.

### C. Liability

By failing to answer the Complaint or oppose this motion, Defendants are deemed to have admitted the factual allegations in the Complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability . . ."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2, 2011 U.S. Dist. LEXIS 32249, at *5 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim.").

"The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Indeed, the Second Circuit has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *City of New York*, 645 F.3d at 137 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

#### 1. Common Law

To state a valid claim for relief under RPAPL, Plaintiff must first establish the common law elements of: (1) the existence of a debt; (2) that is secured by a mortgage; and (3) a default

on that debt. *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015) (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012)).

Here, Plaintiff has alleged that Defendants owe a debt, that their debt is secured by a mortgage in favor of Plaintiff, and that they are in default on that debt. (Dkt. No. 1, ¶¶ 10–15). Plaintiff attached copies of the mortgage, (Dkt. No. 1-3); the note, (Dkt. No. 1-2); and the assignment, (Dkt. No. 1-4), to the Complaint. An affidavit signed by Talya Lopez, Contract Management Coordinator with PHH Mortgage Corporation, affirms her personal knowledge of business records showing that Defendants "breached [their] obligation and defaulted upon the [n]ote" by failing to make payments beginning on June 1, 2024, "which default remains uncured." (Dkt. No. 39-5, ¶ 9). Plaintiff has therefore established the common law elements of a mortgage foreclosure claim.

### 2. Statutory Requirements

Prior to commencing a residential foreclosure action, a lender must comply with the following requirements set forth in the RPAPL: (1) an affirmative allegation in the complaint that plaintiff has "complied with all the provisions of section [595(a)] of the banking law and any rules and regulations promulgated thereunder . . . and section [1304] of [the RPAPL]," RPAPL § 1302(1)(b); (2) service of the statutory notice on the mortgagor with the summons and complaint, RPAPL § 1303; (3) service of the statutory notice on the mortgagor 90 days prior to commencing the action, RPAPL § 1304; (4) filing the required information with the superintendent of the New York State Department of Financial Services within 3 business days of the 90-day notice, RPAPL § 1306; (5) service of a special summons, RPAPL § 1320; and (6) filing the notice of pendency in compliance with RPAPL § 1331 and New York Civil Practice Law and Rules ("CPLR") § 6511(a).

Some of these requirements apply only to "an owner-occupied one-to-four family dwelling." *See* RPAPL § 1303(1)(a). The Property here is designated as a one-to-four family home, (Dkt. No. 39-11, at 50); while Plaintiff did not allege whether Defendants occupied the home, they were served there. (Dkt. No. 39-15, at 2–3). In absence of any contrary allegation or argument by Plaintiff, the Court will apply these requirements.

**a. Plaintiff's Compliance with RPAPL §§ 1303, 1304, 1331 and CPLR § 6511(a)**

First, Plaintiff complied with § 1303 by serving a statutory notice along with the summons and complaint. (Dkt. No. 39-15). On the Affidavits of Service for both Defendants, the process servers attest that they served the summons as well as a "Homeowners Foreclosure Notice as required by RPAPL 1303, which notice was printed on a colored piece of paper, which color differed from that of the color of the other documents and the notice was in bold, fourteen-point type, with the title of the Notice in bold, twenty-point type." (*Id.* at 2–3). This is sufficient to show compliance with § 1303. *See LNV Corp. v. Sofer*, 98 N.Y.S. 3d 302, 305–06 (N.Y. App. Div. 2019) (finding the plaintiff made a prima facie showing of compliance by submitting an affidavit of service attesting that the notice served on the defendant complied with § 1303).

Plaintiff has also shown its compliance with RPAPL § 1304 by serving, via certified and first-class mail, statutory notices on the mortgagors at least 90 days prior to commencing any legal action against them. (Dkt. No. 39-11; *see also* Dkt. No. 39-5, ¶ 15 (affidavit certifying each notice "contained the statutorily prescribed language … [and] was mailed in its own separate envelope")). The notices were mailed on July 9, 2024, (Dkt. No. 39-11), and this action was filed on November 22, 2024, (Dkt. No. 1). As required by § 1304(2), the notices contained current lists of more than five housing counseling agencies serving the county where the property is

located. (Dkt. No. 39-11, at 5). The 90-day statutory notice requirement under § 1304 is therefore satisfied.

Plaintiff further provided evidence of its compliance with RPAPL § 1331 and CPLR § 6511(a) by submitting a document titled "Notice of Pendency of Action." (Dkt. No. 39-14). The filing bears a stamp indicating it was electronically filed in New York state court on February 24, 2025, and provides that "[t]he Clerk of the County of Cayuga is directed to index this notice to the name(s) of the defendant(s)." (*Id.* at 3). Plaintiff's counsel attests that a copy of the complaint was filed with the notice of pendency. (Dkt. No. 39-2, ¶ 11). According to a records search on the Cayuga County Clerk's website, the Court takes judicial notice of a complaint and notice of pendency filed by Plaintiff on February 24, 2025. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) ("We also take judicial notice of relevant matters of public record."). Plaintiff therefore complied with RPAPL § 1331 and CPLR § 6511(a).

**b. Failure to Comply with RPAPL §§ 1302, 1306 and 1320**

However, the record does not reflect that Plaintiff has complied with §§ 1302, 1306 and 1320. First, Plaintiff alleged in the Complaint that it "complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL §1304 *[sic]*, except where it is exempt from doing so." (Dkt. No. 1, ¶ 19). But § 1302(1)(b) requires that plaintiffs also allege that they have complied with "any rules and regulations promulgated thereunder." *See HSBC Bank USA, Nat'l Ass'n v. Bell*, No. 24-cv-7671, 2026 WL 575420, at *1, 2026 U.S. Dist. LEXIS 42276, at *3 (E.D.N.Y. Mar. 2, 2026) ("And as numerous other courts in this Circuit have recently clarified, failure to include this particular phrase constitutes non-compliance with the requirements of RPAPL § 1302.") (collecting cases). This error constitutes sufficient basis to deny a motion for default judgment seeking foreclosure and sale. *See PHH Mortg. Corp. v. Wilson*, No. 25-cv-876, 2026 WL 1694482, at *3, 2026 U.S. Dist. LEXIS 130049, at *8

(N.D.N.Y. June 11, 2026); *Wilmington Sav. Fund Soc'y v. Bernash*, No. 23-cv-485, 2024 WL 1285431, at *5, 2024 U.S. Dist. LEXIS 53303, at *11–12 (E.D.N.Y. Mar. 26, 2024).

Second, Plaintiff attached a copy of a filing submitted to the New York Department of Financial Services, as required by § 1306. (Dkt. No. 39-11, at 50–52). Under § 1306(2), though, "the amount claimed as due and owing on the mortgage" must be included in the filing. The document submitted by Plaintiff only lists the "original loan" amount, or $134,804. (Dkt. No. 39-11, at 50). The document does not list the modified amount Plaintiff requests in this action—rather, the filing states there has been "No" loan modification. (*Id.*). In this action, however, Plaintiff alleges there were two loan modifications and requests $112,559.26 in monies owed. The original loan amount listed in the filing therefore is not "the amount claimed as due and owing on the mortgage." The statute requires that § 1306 filings "shall include *at a minimum*, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage." RPAPL § 1306(2) (emphasis added); *see also Avail 1 LLC v. Lemme*, No. 23-cv-1527, 2024 WL 4566273, at *3, 2024 U.S. Dist. LEXIS 193905, at *8 (N.D.N.Y. Oct. 24, 2024) (denying motion for default judgment where § 1306 filing included a different amount claimed as due than the 90-day notice mailed three business days prior); *Brown v. Amarante*, No. 23-cv-3514, 2024 WL 4716364, at *13–14, 2024 U.S. Dist. LEXIS 204283, at *37–38 (S.D.N.Y. Nov. 8, 2024), *report and recommendation adopted*, 2025 WL 934318, 2025 US. Dist. LEXIS 57638 (S.D.N.Y. Mar. 27, 2025) (denying a plaintiff's motion for summary judgment where its § 1306 filing failed to include the borrower's telephone number). Thus, the Court cannot find that Plaintiff complied with § 1306.

Second, Plaintiff has not provided a summons containing the notice required by § 1320; the summons filed with the Court, (Dkt. No. 39-13), does not contain the notice. Nor do the

Affidavits of Service reference the § 1320 notice. (Dkt. No. 39-15). Under § 1320, a special summons, with the requisite notice, must be provided in an action to foreclose a residential mortgage. *See, e.g.*, *Freedom Mortg. Corp v. Thomas*, 736 F. Supp. 3d 163, 166 (W.D.N.Y. 2024) (denying motion for default judgment due to failure to comply with delivery of the § 1320 special summons). Therefore, Plaintiff may not proceed in this action unless it provides a copy of the special summons with the requisite notice.

Accordingly, Plaintiff's motion for default judgment is denied without prejudice to renewal, and Plaintiff is granted leave to amend the Complaint. Any renewed motion for default judgment must demonstrate how Plaintiff has complied with RPAPL §§ 1302, 1306, and 1320.

**D. Damages**

Although Plaintiff is not entitled to default judgment at this time, in the interest of efficiency and in anticipation of a renewed motion, the Court will briefly address the damages sought by Plaintiff.

A party's default "is not considered an admission of damages." *Greyhound Exhibitgroup Inc.*, 973 F.2d at 158. On a motion for default judgment, a court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnaise Secs. (USA), Inc. v. Alcantra*, 183 F.3d 151, 155 (2d Cir. 1999). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing Fed. R. Civ. P. 55(b)(2)). The note and mortgage, as the governing instruments, should determine any default damages. *Builders Bank v. Rockaway Equities, LLC*, No. 08-cv-3575, 2011 WL 4458851, at *6, 2011 U.S. Dist. LEXIS 107409, at *15–19 (E.D.N.Y. Sept. 23, 2011).

### 1. Monies Owed

Here, the note and mortgage submitted by Plaintiff indicate the original loan amount was $134,804.00, plus interest at the rate of 4.740% per year. (Dkt. Nos. 1-2, 1-3). Defendants' two loan modifications resulted in a principal balance of $119,777.84. (Dkt. No. 1-5, at 11).[3] Plaintiff submitted an affirmation from Talya Lopez, a Contract Management Coordinator with PHH Mortgage Corporation. (Dkt. No. 39-5). Lopez states that, as of June 19, 2025, Plaintiff owes:

| | |
|---|---|
| Unpaid Principal | $100,673.57 |
| Unpaid Interest | 4,089.80 |
| Escrow | 6,709.03 |
| Late Charges | 44.36 |
| Property Inspections | 300.00 |
| Property Valuation Fee/BPO | 325.00 |
| Title Search Expenses | 417.50 |
| TOTAL: | $112,559.26 |

(*Id.* ¶ 18; *see also* Dkt. No. 39-4 (statement of damages providing the same figures)). On July 22, 2024, Plaintiff further mailed a Notice of Default to Defendants which indicated that $2,657.24 was the amount of monthly payments, late charges, and fees which Defendants were required to pay in order to cure default. (Dkt. No. 39-10, at 4).

In addition to the Lopez affirmation and a statement of damages, Plaintiff provided a "True & Correct Copy of Data Compilations and Account Ledgers," which shows schedules of itemized transactions, such as tables designated "Fee History" and "Escrow Information." (Dkt. No. 39-21). Lopez states the document is a "true and correct copy data compilation[] *[sic]* and account ledger[]." (Dkt. No. 39-5, ¶ 3). From this document, the Court is able to identify support for the $100,673.57 total principal balance, (Dkt. No. 39-21, at 2), the $6,709.03 escrow advance

[3] The Court notes that, while the version of the final loan modification agreement submitted alongside Plaintiff's motion for default judgment is illegible, (Dkt. No. 39-8, at 21–26), the version submitted with the Complaint is legible and provides a basis for the final modification amount and monies owed, (Dkt. No. 1-5, at 10–15).

amount (*id.*), the $44.36 in late charges (*id.* at 3–5), as well as for property inspection and title search expenses (*id.* at 2, 19–22). The document also shows a total interest amount of $4,002.75 as of May 23, 2024. (*Id.* at 2). Thus, the documentation submitted by Plaintiff appears to provide sufficient evidence of monies owed.

**2. Attorneys' Fees and Costs**

Finally, Plaintiff has requested attorneys' fees and costs. (Dkt. No. 1, ¶ 21). Both the note and mortgage entitle Plaintiff to recover reasonable attorneys' fees and costs upon the borrowers' default. (Dkt. Nos. 1-2, at 3; 1-3, at 10).

First, "[r]egarding costs, plaintiff may only recover identifiable, out-of-pocket disbursements relating to filing fees, process servers, postage, and photocopying." *United States v. Carter*, No. 19-cv-1130, 2020 WL 819320, at *2, 2020 U.S. Dist. LEXIS 27843, at *4 (N.D.N.Y. Feb. 19, 2020). Plaintiff requests $1,130.00 in costs. (Dkt. No. 39-18). Those costs would reimburse fees for: the complaint filing ($405.00), the notice of pendency filing ($60.00), and service of process ($665.00). (*Id.*). Plaintiff provided receipts for each of these costs. (*Id.* at 4–7). The Court finds this sufficient to show Plaintiff's entitlement to these costs.

Next, Plaintiff's requested attorneys' fees must be reasonable. "Generally, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done." *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 713 (W.D.N.Y. 2018) (citation omitted). Nonetheless, "the product of a reasonable hourly rate and the reasonable number of hours required by the case creates a presumptively reasonable fee." *See United States v. Meuten*, No. 19-cv-1430, 2022 WL 1813985, at *4, 2022 U.S. Dist. LEXIS 98330, at *10–11 (N.D.N.Y. June 2, 2022). "Courts in this district have recently found the following hourly rates appropriate:

$250–$350 for partners and experienced counsel; $165–$200 for associates; and $80–$90 for paralegals, to be reasonable." *Meuten*, 2022 WL 1813985, at *4, 2022 U.S. Dist. LEXIS 98330, at *11.

Although Plaintiff has not provided contemporaneous time sheets, it did submit a declaration from its attorney, Eric Sheidlower, which includes an itemized list of "Legal Services Performed," along with average timeframes and an average hourly rate of $330 for foreclosure matters. (Dkt. No. 39-20, ¶¶ 4–6). Sheidlower states that his firm "is paid by the client a flat fee of $5,650.00" and that, "if the work, in connection with this action, were billed hourly, affirmant's corresponding legal fee would meet or exceed the flat rate of $5,650.00." (*Id.* ¶¶ 5–6).

Sheidlower has more than thirty-five years of experience in foreclosure matters. (*Id.* ¶ 7). A $330 hourly rate is therefore reasonable. The average timeframes provided total 25.50 hours. (*Id.* ¶ 4). However, Sheidlower has not indicated which other attorneys and/or paralegals performed these services, nor what their rates are. Accordingly, the Court lacks an adequate evidentiary basis to evaluate the requested attorneys' fees. Any renewed motion must identify the individuals involved, their positions, and their rates. *See Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 305 (E.D.N.Y. 2015) ("[C]ounsel failed to provide adequate biographical information concerning the attorneys for whom charges were submitted, which is required to evaluate experience levels.").

**E. Dismissal of the John Doe Defendants**

Plaintiff additionally moved for an order "removing JOHN DOE #1 through JOHN DOE #12 as party defendants . . . and amending the caption to reflect the removal." (Dkt. No. 39, at 2–3). As Plaintiff has not identified or served these defendants within 120 days after filing the Complaint, (Dkt. No. 39-3, at 8), and does not seek default judgment against them, dismissal is

proper under Federal Rule of Civil Procedure 4(m). *See Gustavia Home, LLC v. Villatoro*, No. 16-cv-2106, 2017 WL 3888606, at *2, 2017 U.S. Dist. LEXIS 132612, at *6-7 (E.D.N.Y. Aug. 17, 2017) (recommending dismissal of John Doe defendants under Rule 4(m) in mortgage foreclosure action based on the plaintiff's "failure to identify and serve these defendants within 120 days after the filing of the complaint"), *report and recommendation adopted*, 2017 WL 3887888, 2017 U.S. Dist. LEXIS 143197 (E.D.N.Y. Sept. 5, 2017).

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 39) is **DENIED without prejudice**; and it is further

**ORDERED** that, to the extent Plaintiff seeks to renew its motion for default judgment, curing the deficiencies identified, it must file a renewed motion and amended complaint within thirty days of the date of this decision. Any renewed motion should inform the Court as to how Plaintiff seeks to proceed with respect to the Defendant Secretary of Housing and Urban Development. If Plaintiff concludes that it is unable to proceed on this record it must notify the Court within thirty days of the date of this Decision; and it is further

**ORDERED** that the Clerk of Court terminate Defendants John Doe #1 through John Doe #12.

**IT IS SO ORDERED.**

Dated: August 25, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge